```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**KANAWHA SCALES & SYSTEMS, INC.,**
a West Virginia corporation

       Plaintiff,

v.                                                  Civil Action No. 2:07-0953

**AVERY WEIGH-TRONIX, LLC,**
a Delaware corporation,

       Defendant.

### MEMORANDUM OPINION AND ORDER

       Pending is Avery Weigh-Tronix, LLC's ("Avery") motion objecting to exhibit A of the mutual settlement agreement, filed August 21, 2009.

I.

       Kanawha Scales & Systems, Inc. ("Kanawha Scales") and Avery entered into a mutual settlement agreement.  The particular portion of the agreement at issue, paragraph 2, allows Avery Weigh-Tronix ("Avery") to dispute a list of customers provided by Kanawha Scales and attached to the settlement agreement as Exhibit A.  Upon Avery filing a statement of objection, the settlement agreement authorizes the court to resolve the dispute. Inasmuch as Avery has objected to certain of those on the list of

customers provided by Kanawha Scales, it is necessary for the court to determine the proper scope of the language in paragraph 2.

It should be noted at the outset that the court's interpretation is limited by the language adopted by the parties within paragraph 2 of the settlement agreement. Paragraph 2 allows the court to consider paragraph 2 and additional evidence from the parties outside of the settlement agreement itself, but prevents the court from considering the balance of the settlement agreement to aid in determining the intent of the parties. Accordingly, the court must interpret paragraph 2 independent of the remainder of the settlement agreement.

II.

Paragraph 2, as provided to the court, states as follows:

> For a period of three years following the execution of this Agreement, Kanawha Scales has the right to purchase service parts from Avery at a 40% discount from list price and resell them to any customer/company that Kanawha Scales has done business with in the last eighteen (18) months prior to the execution of this Agreement, without any restrictions as to service location of the customer. By way of explanation and clarification, it is contemplated and the parties understand that if Kanawha Scales has serviced one

> location of a multi-location customer, Kanawha Scales will be permitted under this Agreement to service any of the customer's locations, except that this is not intended to extend to service work that Kanawha Scales performed on behalf of Avery.  At the time this Agreement is signed, Kanawha Scales will provide a list of the customers with which it has done business in the last eighteen (18) months and such list will be made an attachment to this Agreement as Exhibit A.  Attached to the list will be invoices (showing the name of the customer and the service performed) confirming that the customers are properly on the list.  Immediately upon receipt of an executed copy of this Agreement from Avery, Kanawha Scales will provide a copy of Exhibit A to Avery.  Exhibit A to this Agreement has been prepared by Kanawha Scales and has not been reviewed by Avery.  If Avery makes a decision to dispute that a particular customer is properly listed on Exhibit A, Avery must file a statement of the customer(s) in issue with the Court within seven (7) days of the signing of this Agreement.  The Court will resolve the legitimacy of Avery's objections.  If Avery does not file a statement disputing certain customers being listed on Exhibit A within the seven (7) days, no further objections may be filed and the list will be considered final.  If a dispute arises between Avery and Kanawha over whether a particular customer is properly listed on Exhibit A, the parties agree that only Paragraph 2 of this Agreement and Exhibit A to the Agreement need be presented to the Court for the Court to resolve the issue.  Additional evidence outside of the Agreement can be presented by the parties in regard to any objections.

Avery has three basic arguments against the inclusion of several of the customers named by Kanawha Scales in Exhibit A. Avery contends that paragraph 2:

1. Requires that Kanawha Scales have performed <u>service work</u> for the customers in order to include them in Exhibit A;

    2. Requires that Kanawha Scales have performed service work on <u>Avery Products</u> for the customers in order to include them in Exhibit A; and

    3. Includes a carve out provision that excludes customers for whom Kanawha Scales performed service work <u>on behalf of Avery</u>.

In response, Kanawha Scales claims, with respect to the first two Avery arguments, that the plain language of paragraph 2 does not impose restrictions based on either service work or Avery products.  As to the third, while Kanawha Scales concedes that it is "clear and unambiguous that if the only work Kanawha Scales did for a customer/company was 'service work that Kanawha Scales performed on behalf of Avery' then that customer/company would not be on the list," Kanawha Scales asserts that paragraph 2 does not go so far as to exclude any company that Kanawha Scales ever did business with at Avery's direction.  (Pl.'s Resp. at 1, n. 1).

    As to Avery's first contention, that paragraph 2 requires Kanawha Scales to have performed service work, the language of paragraph 2 plainly indicates that this is not the case.  Paragraph 2 states that the customers included within Exhibit A must be those that Kanawha Scales "has done business"

with in the last eighteen months.  While paragraph 2 requires Kanawha Scales to provide "invoices (showing the name of the customer and the service performed) confirming that the customers are properly on the list," the parenthetical phrase is merely informational.  Further, the parenthetical is insufficient to overcome the language occurring twice within paragraph 2 that allows Kanawha Scales to include in Exhibit A any customers it "has done business" with in the past eighteen months unless excluded as conceded by Kanawha Scales as the court has just noted in the next preceding paragraph.

Similarly, Avery's second contention, that paragraph 2 requires that Kanawha Scales have worked on Avery products for those customers included in Exhibit A, is not supported by the language of paragraph 2.  There is no indication in this provision that the parties intended for the customers included in Exhibit A to include only those customers for whom Kanawha Scales worked on Avery products.

Equally unsupported is Avery's third contention that a carve out provision within paragraph 2 excludes customers for whom Kanawha Scales performed service work <u>on behalf of Avery</u>. Again, as noted above, Kanawha Scales concedes that customers are properly excluded if Kanawha Scales performed service work for

5

the customer <u>only</u> on behalf of Avery.  Consequently, the court need only determine whether paragraph 2 excludes customers which Kanawha Scales serviced on behalf of Avery in addition to Kanawha Scales having done so on its own behalf.

The first sentence of paragraph 2 outlines the elements of the agreement between Kanawha Scales and Avery.  Kanawha Scales will receive a discounted price on Avery service parts for three years and may sell these parts "to any customer/company that Kanawha Scales has done business with" in the eighteen months prior to the execution of the settlement agreement without any restrictions as to service location of the customer.  The second sentence elaborates on how multi-location customers fit within the initial premise.

> By way of explanation and clarification, it is contemplated and the parties understand that if Kanawha Scales has serviced one location of a multi-location customer, Kanawha Scales will be permitted under this Agreement to service any of the customer's locations, except that this is not intended to extend to service work that Kanawha Scales performed on behalf of Avery.

This second sentence is the basis of the "carve out provision" alleged by Avery.  However, the second sentence does not purport to define the nature of customers to be included in Exhibit A.  It provides an "explanation and clarification" of the application

6

of paragraph 2 to those customers with multiple locations. The clause excepting service work that Kanawha Scales performed on behalf of Avery relates to those customers with multi-locations, not to the type of customers to be included generally. If Kanawha Scales performed service work at only one location of a multi-location customer and did so on behalf of Avery, Kanawha Scales would not be able to extend service to the customer's other locations. Inasmuch as there is no language within paragraph 2 excluding customers for whom Kanawha Scales has serviced on their own behalf in addition to on Avery's behalf, those customers are properly included within Exhibit A.

### III.

Accordingly, the parties are directed to apply the court's ruling to paragraph 2 and Exhibit A of the mutual settlement agreement as set forth herein. The parties are further directed to present an agreed order dismissing this case as settled and agreed on or before February 17, 2010.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: January 21, 2010

_____
John T. Copenhaver, Jr.
United States District Judge